## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2013

No. 11-41344

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

ARTURO CANCINO-TRINIDAD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, SMITH and WIENER, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Arturo Cancino-Trinidad pleaded guilty to illegal re-entry. On appeal, he
asserts that the imposition of a three-year term of supervised release ("SR") was
procedurally and substantively unreasonable. We affirm.

I.

Cancino-Trinidad, an illegal alien, has been arrested in the United States

No. 11-41344

about four dozen times since 1986. According to the presentence investigation report ("PSR"), his criminal record includes twenty-eight convictions and four outstanding warrants, including a 1992 conviction of the aggravated felony of uttering a forged instrument. He was deported in February or March 2011 and was re-arrested in Brownsville, Texas, less than three months later.

Cancino-Trinidad pleaded guilty, without a plea agreement, to having been found unlawfully present in the United States after removal following an aggravated felony conviction, in violation of 8 U.S.C. § 1326. The district court sentenced him to thirty-two months' imprisonment, three years' SR, and a $100 special assessment, which was remitted on motion of the government.

Sentencing occurred on December 6, 2011. The PSR, adopted by the district court "without change," had last been revised on October 12, 2011, and provided, in part, that "[t]he guideline range for a term of [SR] is at least two (2) years but not more than three (3) years. . . . [SR] is required if the Court imposes a term of imprisonment of more than one (1) year." Effective November 1, 2011 —more than a month before the sentencing—U.S.S.G. § 5D1.1 was amended to add subsection (c): "The court ordinarily should not impose a term of [SR] in a case in which [SR] is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."[1]

---

[1] The commentary accompanying § 5D1.1(c) states:

Application of Subsection (c).—In a case in which the defendant is a deportable alien specified in subsection (c) and [SR] is not required by statute, the court ordinarily should not impose a term of [SR]. Unless such a defendant legally returns to the United States, [SR] is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of [SR] on such a defendant if the

(continued...)

2

No. 11-41344

At sentencing, the government stated that "the new range of [SR] release is one to three years." The PSR, however, was not modified to reflect the new range, and neither the district court nor the government evinced an awareness that the amended guideline rendered the imposition of SR discretionary. Cancino-Trinidad timely appeals his sentence based on the imposition of SR.

## II.

We generally review sentences for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51; *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). If the sentencing decision is "procedurally sound," we "then consider the substantive reasonableness of the sentence. . . ." *Gall*, 552 U.S. at 51; *Dominguez-Alvarado*, 695 F.3d at 327. As Cancino-Trinidad concedes, however, our review is limited to plain error, because he did not challenge the procedural

---

[1] (...continued)
court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1, cmt. (n.5).

No. 11-41344

or substantive reasonableness of SR in the district court.[2]

> Plain error review requires four determinations:  whether there
> was error at all; whether it was plain or obvious; whether the error
> affected the defendant's substantial rights; and whether this court
> should exercise its discretion to correct the error in order to prevent
> a manifest miscarriage of justice.  *United States v. Olano*, 507 U.S.
> 725, 732–37 . . . (1993); *United States v. Infante*, 404 F.3d 376, 394
> (5th Cir. 2005).  This court retains discretion to correct reversible
> plain error and will do so "only if the error seriously affects the fair-
> ness, integrity, or public reputation of judicial proceedings." *Puckett*
> [], 556 U.S. [at] . . . 135 . . . .

*Dominguez-Alvarado*, 695 F.3d at 328.

### III.

Even when reviewing sentences for plain error, we generally conduct a bifurcated analysis.[3]  But, because it bears on both procedural and substantive unreasonableness, we first consider Cancino-Trinidad's contention that the imposition of three years' SR constitutes an upward departure under § 5D1.1(c). This argument is foreclosed by circuit precedent.[4]

> [I]n order to avoid rendering the word "ordinarily" superfluous, we
> interpret the Guidelines use of the word "ordinarily" in § 5D1.1 and
> the accompanying commentary as advising a sentencing court that

---

[2] *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011) (per curiam).

[3] *See, e.g.*, *United States v. De La Rosa-Rangel*, No. 11-41406, 2013 WL 323070, at *1 (5th Cir. Jan. 28, 2013) (per curiam).

[4] *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir.1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting *en banc* or by the United States Supreme Court, a panel cannot overrule a prior panel's decision.").

No. 11-41344

> for most deportable aliens, imposing [SR] is unnecessary because the deterrent and protective effect of [SR] is adequately served by the possibility of a new future prosecution for illegal reentry, while still leaving within the discretion of the sentencing court the option of imposing [SR] in uncommon cases where added deterrence and protection are needed. The word "ordinarily" is hortatory, not mandatory, in this provision. As to any defendant specified in subsection (c), the statutory [SR] range is zero to three years, 18 U.S.C. § 3583(b)(2), and the amended Guidelines range . . . is one to three years, should a sentencing court elect to impose a term of [SR]. Here, the district court imposed three years. No departure analysis is triggered . . . .

*Dominguez-Alvarado*, 695 F.3d at 329 (footnote omitted).

As the government noted at Cancino-Trinidad's sentencing, the range for SR under the amended guideline was one to three years. The imposition of a term within that range was not a departure, and we analyze the reasonableness of the sentence with that in mind.


A.

With respect to procedural unreasonableness, "[t]he district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'" *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "When the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so, little explanation is required." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). When § 5D1.1(c) applies, SR "should not be imposed absent a determination that [SR] would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Dominguez-Alvarado*, 695 F.3d at 329.

No. 11-41344

When evaluating procedural reasonableness, "[w]e infer that the district court considered all pertinent sentencing considerations in imposing the sentence."[5] A district court's adoption of a PSR generally supports that inference. *See Reyes-Serna*, 2013 WL 323068, at *1. Here, however, the court adopted a PSR that had not been updated to reflect the addition of § 5D1.1(c). *Contra id.* It was therefore error to impose SR with reference to an outdated version of the guideline that characterized SR as "mandatory."[6] Moreover, the "application of the wrong Guidelines section was error that is clear or obvious."[7]

"An error that is plain, though, is not enough." *Blocker*, 612 F.3d at 416. Cancino-Trinidad may prevail on plain-error review only if the mistake "affected [his] substantial rights, . . . 'affected the outcome of the district court proceedings.'"[8] "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *Mudekunye*, 646 F.3d at 289 (citing *Blocker*, 612 F.3d at 416–17). On plain-error review, the appellant has the burden of showing an error affected substantial rights. *See Mares*, 402

---

[5] *United States v. Reyes-Serna*, No. 11-41241, 2013 WL 323068, at *1 (5th Cir. Jan. 28, 2013) (per curiam) (unpublished) (citing *Mares*, 402 F.3d at 519).

[6] *See United States v. Martin*, 596 F.3d 284, 286 (5th Cir. 2010) ("[T]he district court is to sentence under the guidelines in effect at the time of sentencing. . . .") (citing 18 U.S.C. § 3553(a)(4)(A)(ii)); *Dominguez-Alvarado*, 695 F.3d at 329.

[7] *United States v. Lara-Espinoza*, 488 F. App'x 833, 835 (5th Cir. 2012) (per curiam) (citing *United States v. Gaither*, 434 F. App'x. 393, 393–94 (5th Cir. 2011) (per curiam)); *see also United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) ("As our conclusion is reached by a straightforward application of the guidelines, the error was also plain.") (citing *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir.2009)).

[8] *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 736); *see also United States v. John*, 597 F.3d 263, 284–85 (5th Cir. 2010).

No. 11-41344

F.3d at 521 (citing *Olano*, 507 U.S. at 734).

Cancino-Trinidad asserts that "there is at least a reasonable probability that, upon reconsideration, the district court would decline to impose a [SR] term" because, among other things, "the imposition of a term of [SR] . . . simply resulted from the district court's overlooking the recent change in the Guidelines recommending no [SR] for persons like [] Cancino-Trinidad." Our opinion in *Lara-Espinoza*, 2012 WL 3984421, at \*1, though unpublished, provides persuasive authority that the court's unfamiliarity with the amended guidelines is not dispositive: We concluded that a similar error

> did not affect Lara-Espinoza's substantial rights because at sentencing, the district court conducted the factual consideration of whether the imposition of supervised release 'would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case' in accordance the amended Guidelines commentary accompanying § 5D.1.1.

*Id.* (quoting § 5D1.1, cmt. (n.5)).

At sentencing, the court told Cancino-Trinidad that "I'm trying to keep you from coming back here because I know what's going to happen if you do. . . ." The court noted that the imposition of SR would result in greater criminal penalties should Cancino-Trinidad illegally re-enter the United States after completing his prison sentence. Though less explicit than the statement at issue in *Lara-Espinoza*, the court's comments indicate implicit consideration of the deterrent effect of SR.[9] Moreover, as described above, Cancino-Trinidad's criminal history

---

[9] *Accord Lara-Espinoza*, 488 F. App'x at 835; *United States v. Martinez-Berrios*, No. 12-40041, 2012 WL 6634605, at \*1 (5th Cir. Dec. 21, 2012) (per curiam) (unpublished) ("The district court's particularized statements concerning Martinez's history of repeated immigration violations, though brief, were adequate to explain why a [SR] term was appropriate to pro-

(continued...)

No. 11-41344

includes four dozen arrests, twenty-eight convictions, four outstanding warrants, and an illegal re-entry less than three months after deportation.

Even assuming that the district court did not previously conduct the factual consideration described in § 5D1.1, cmt. (n.5), Cancino-Trinidad's criminal record supports a finding that the imposition of SR "would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case." Because Cancino-Trinidad has "raise[d] a 'possibility' of a different result, but not the requisite 'probability,'"[10] the error did not affect his substantial rights.[11]

### B.

We next consider Cancino-Trinidad's claim of substantive unreasonableness. "One basis for error in a defendant's sentence is failure by the district court to account for a factor that should receive significant weight. *Martinez-Berrios*, 2012 WL 6634605, at*1 (citing *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009)). Cancino-Trinidad contends that the court did not even consider, much less "account for" or give "significant weight" to, the advice in § 5D1.1(c) that deportable aliens should "ordinarily" not be sentenced to terms of SR. The court, however, imposed a term of SR that was within the applicable guideline

---

[9] (...continued)
vide 'an added measure of deterrence and protection' in his case.") (citing § 5D1.1, comment. (n.5); *Dominguez–Alvarado*, 695 F.3d at 328–30).

[10] *Blocker*, 612 F.3d at 417 (quoting *United States v. Cruz-Meza*, 310 F. App'x 634, 637 (5th Cir. 2009) (per curiam)).

[11] Even had Cancino-Trinidad shown that the error affected his substantial rights, "this is not an instance meriting our exercising our discretion to remand for resentencing." *Gaither*, 434 F. App'x at 394.

range of one to three years.  We "ordinarily appl[y] a presumption of reasonable-ness to within-guidelines sentences."[12] Cancino-Trinidad offers no compelling rebuttal of that presumption,[13] so we determine that the sentence was not sub-stantively unreasonable:  The length of the SR—three years—was not itself error, to say nothing of plain error.[14]

The judgment of sentence is AFFIRMED.

---

[12] *United State v. Pena-Gomez*, 321 F. App'x 348, 350 (5th Cir. 2009) (unpublished) (cit-ing *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)); *see also Rita v. United States*, 551 U.S. 338, 347 (2007).

[13] To the contrary, at sentencing, the court expressed "amaze[ment] that the govern-ment had not moved to have the court consider a sentence *higher* than the guideline range" (emphasis added).

[14] *See De La Rosa-Rangel*, 2013 WL 323070, at *1 (determining that imposition of SR, even though the court had failed to account for § 5D1.1(c), was not substantively unreasonable under plain-error review).