# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2013

Lyle W. Cayce
Clerk

No. 12-50833
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL HERNANDEZ-PEREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-929-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Rafael Hernandez-Perez was convicted of illegal reentry following removal from the United States and received, *inter alia*, 24 months' imprisonment and three years' supervised release. Contesting only the supervised release, Hernandez contends his sentence was procedurally and substantively unreasonable because the district court did not consider Guideline § 5D1.1(c) (imposition of supervised release ordinarily not favored for person

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

likely to be deported), and it failed to explicitly find the need for an "added measure of deterrence", as recommended by § 5D1.1(c)'s commentary.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, *for issues preserved in district court*, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As he concedes, Hernandez failed, however, to present in district court his contentions regarding supervised release; therefore, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). For reversible plain error, Hernandez must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

At sentencing, the district court stated its concern that, because Hernandez' children were United States citizens, and the United States was "the only place that [he had] known", Hernandez would be tempted to return. Accordingly, it cautioned Hernandez that returning illegally to the United States would result in additional criminal penalties. Despite not explicitly stating the particular facts of Hernandez' case warranted supervised release, the court's explanation was adequate to support its imposition. *E.g.*, *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013) (imposition of supervised release not plain error where court implicitly considered its deterrent effect); *see also Dominguez-Alvarado*, 695 F.3d at 330 (no plain error where court made

particularized statements explaining why sentence – which included supervised release – was necessary to deter future criminal conduct and illegal reentry).

AFFIRMED.