# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 10, 2013

Lyle W. Cayce
Clerk

No. 12-51061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN FLORES-RUBIO, also known as Jose Luis Medina-Flores,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1551-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Esteban Flores-Rubio appeals from his conviction and sentence for illegal reentry following removal from the United States. He contends that his sentence of supervised release was procedurally and substantively unreasonable because the district court did not consider U.S.S.G. § 5D1.1(c) and its accompanying commentary and failed to explicitly find that the sentence was justified by the need for an extra measure of deterrence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51061

Flores-Rubio did not raise his arguments in the district court, so our review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). Most of the district court's comments at sentencing were directed at Flores-Rubio's long-running cycle of entering the United States, committing crimes, being imprisoned, being removed, then illegally reentering the United States and beginning the cycle over again. The district court admonished Flores-Rubio to avoid the temptation to return to this country, as a return to the United States would result in a new term of imprisonment. Flores-Rubio had been removed from the United States four times, and he had a lengthy and serious criminal history in this country. Although the district court did not explicitly find that the particular facts of Flores-Rubio's case warranted a sentence of supervised release, the district court's explanation was adequate to support the supervised release sentence. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013).

AFFIRMED.