# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2013

Lyle W. Cayce
Clerk

No. 12-51274
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VICENTE EDGARDO AREVELO,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-395-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vicente Edgardo Arevelo pleaded guilty without the benefit of a plea agreement to illegally reentering the country after having been deported. He received a within-guidelines sentence of 41 months of imprisonment to be followed by three years of supervised release. Arevelo challenges the substantive reasonableness of his supervised release term. He contends that the district court did not account for the guidance set out in U.S.S.G. § 5D1.1(c) related to the imposition of supervised release on a deportable alien, a factor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, he contends, should have received significant weight. Because Arevelo did not object to his sentence in the district court, our review is for plain error only. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 605 (5th Cir. 2013).

For a defendant who is an alien likely to be deported after serving his prison sentence, the Guidelines advise that the "court ordinarily should not impose a term of supervised release." U.S.S.G. § 5D1.1(c). However, this guidance is hortatory, not mandatory. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

Where a defendant, like Arevelo, receives a within-guidelines sentence, we presume that it is reasonable, *Cancino-Trinidad*, 710 F.3d at 607, and infer that the district court considered the relevant sentencing factors, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Arevelo has not overcome the presumption of reasonableness or the inference that the district court considered § 5D1.1(c)'s guidance, especially because the presentence report apprised the court of this advice and the court emphasized that it took into account relevant policy statements. Accordingly, Arevelo has not established that the court erred, plainly or otherwise, in imposing a term of supervised release.

The judgment of the district court is AFFIRMED.