# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2013

Lyle W. Cayce
Clerk

No. 12-50996
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DENIS RAMON TURCIOS-MURILLO,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-14-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Denis Ramon Turcios-Murillo pleaded guilty to illegal reentry, and was sentenced within the advisory Guidelines sentencing range to 18 months' imprisonment and three years' supervised release. He contends his sentence is both procedurally and substantively unreasonable because the district court imposed supervised release despite Guideline § 5D1.1(c), which recommends that supervised release "ordinarily" should not be imposed "in a case in which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[it] is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment".

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a *properly preserved objection* to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As he concedes, because Turcios did not challenge in district court the sentencing issues raised here, review is only for plain error. *E.g.*, *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). For reversible plain error, Turcios must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

Regarding claimed procedural error, Turcios asserts the court failed to consider Guideline § 5D1.1(c) and its commentary, and failed to make the necessary findings before imposing supervised release. Although the court did not refer to that Guideline, the court expressly adopted the PSR, which discussed it. At sentencing, the court questioned whether the combined illegal reentry and revocation sentences, totaling 27 months, would be sufficient to keep Turcios from returning illegally to the United States. The court also emphasized Turcios' history of domestic violence. In its statement of reasons, the court stated it considered the need to deter future criminal conduct and protect the public in assessing the sentence.

Turcios next contends his sentence was substantively unreasonable because supervised release "was unnecessary". This conclusory argument "offers no compelling rebuttal" of our court's presuming his within-Guidelines term of

No. 12-50996

supervised release was reasonable. *United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013); *see also United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.