# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 12-50737
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRUZ JOSE AGUIRRE-AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-183-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cruz Jose Aguirre-Aguirre (Aguirre) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Aguirre contends that the district court's imposition of a three-year term of supervised release was procedurally and substantively unreasonable in light of the Sentencing Guidelines' recommendation that a court ordinarily should not impose a term of supervised release on a deportable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alien unless supervised release would provide additional deterrence and protection based on the facts of the case. *See* U.S.S.G. § 5D1.1(c) cmt. n.5.

As Aguirre challenges the imposition of the term of supervised release for the first time on appeal, we review for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Under the plain error standard, Aguirre must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Aguirre makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Aguirre has failed to show procedural or substantive error, plain or otherwise, in the district court's imposition of a term of supervised release. The district court's comments during the sentencing hearing regarding Aguirre's extensive criminal history of domestic violence and his propensity to commit future violent crimes satisfied the procedural requirement for a "particularized explanation and concern [that] would justify imposition of a term of supervised release." *Dominguez-Alvarado*, 695 F.3d at 330. Aguirre's assertion that the district court committed substantive error by failing to account for § 5D1.1(c) and the statutory sentencing factors reflecting the goals of rehabilitation, monitoring, and training is insufficient to rebut the presumption of reasonableness applicable to Aguirre's within-guidelines term of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013).

AFFIRMED.