# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2013

No. 12-50786
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ALONZO-LLANAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-98-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Alonzo-Llanas pleaded guilty to one count of illegal reentry. The district court sentenced him to 60 months in prison, within the guidelines range of 57 to 71 months, to be followed by three years of supervised release. Alonzo-Llanas appeals, contending that the district court erred by imposing supervised release in light of § 5D1.1(c) of the United States Sentencing Guidelines. As he concedes, because he did not object in the district court, our review is for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). For the following reasons, we affirm.

Section 5D1.1(c), which took effect before Alonzo-Llanas was sentenced, provides that a court ordinarily should not impose supervised release if it is not statutorily required and the defendant is a deportable alien who likely will be deported following imprisonment. The court retains discretion to impose supervised release if it would "provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1, comment. (n.5); *Dominguez-Alvarado*, 695 F.3d at 328. Although stating that it relied on the 2011 Guidelines Manual, which contains § 5D1.1(c), the presentence report cited the prior version of § 5D1.1. There is no indication that the district court was aware of or considered § 5D1.1(c). Thus, we agree with Alonzo-Llanas that the district court committed error and that the error was clear or obvious. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013).

Alonzo-Llanas must also show an effect on his substantial rights, i.e., that there is a reasonable probability that, but for the error, the district court would not have imposed a supervised release term. *See Cancino-Trinidad*, 710 F.3d at 606. His criminal history, which included two convictions for aggravated assault with a deadly weapon, support a conclusion that supervised release will provide added protection. *See* § 5D1.1, comment. (n.5); *Cancino-Trinidad*, 710 F.3d at 606. Further, there is no indication in the record whether the district court likely would have reached a different result if it had been applying the correct version of the Guideline. *See, e.g., United States v. Mares*, 402 F.3d 511, 521-22 (5th Cir. 2005) (employing similar analysis in context of sentencing under mandatory rather than advisory guidelines regime). These facts weigh against a conclusion that Alonzo-Llanas's substantial rights were affected.

We need not reach that issue, however, as we conclude that even if the first three prongs of the plain error test are satisfied, the error does not seriously

affect the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court had discretion to impose supervised release, notwithstanding § 5D1.1(c)'s guidance against it. *See Dominguez-Alvarado*, 695 F.3d at 329. In addition, Alonzo-Llanas will not be subject to supervision if he does not return to this country illegally, which he promised the district court he would not do. Thus, the error does not warrant the exercise of our discretion to correct it.

AFFIRMED.