# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2013

No. 12-41334
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DE JESUS ARMANDO RAMIREZ-ADAME,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-625-1

Before KING, DeMOSS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose de Jesus Armando Ramirez-Adame (Ramirez) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. Ramirez contends that the district court's imposition of a two-year term of supervised release was procedurally and substantively unreasonable in light of a sentencing guidelines provision and related commentary which state that a "court ordinarily should not impose a term of supervised release . . . [on] a deportable alien[,]" unless "supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release . . . would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S. SENTENCING GUIDELINES MANUAL § 5D1.1(c) & cmt. n.5. He further maintains that the imposition of a term of supervised release was substantively unreasonable because this was his first illegal reentry conviction, because his criminal history was minor, and because he is unlikely to return to the United States because most of his family resides in Mexico.

To preserve the argument, Ramirez asserts that the district court's imposition of a supervised release term constituted a departure from the guidelines sentence range and that advance notice of the departure was required. As Ramirez correctly concedes, his argument is foreclosed by *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

As Ramirez challenges the imposition of the term of supervised release for the first time on appeal, we review his claims for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) (procedural reasonableness); *see United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (substantive reasonableness). Ramirez maintains that his substantive unreasonableness claims should not be subject to plain error review to preserve the argument for further review. As Ramirez concedes, this argument is foreclosed by *Peltier*.

Under the plain error standard, Ramirez must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). If Ramirez makes such a showing, we have discretion to correct the error but should do so "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks and citation omitted).

Although the district court did not explain why it was imposing a term of supervised release, it expressly adopted, without objection, the findings and applications in the presentence report, which specifically referenced the

guidelines provisions applicable to supervised release. The presentence report stated in part: "Pursuant to U.S.S.G. § 5D1.1, the Court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." There is no indication that if the district court had been required to give reasons, it would have concluded that a term of supervised release was not warranted. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013). Furthermore, Ramirez cannot show that any error, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Puckett,* 556 U.S. at 135; *see also Cancino-Trinidad*, 710 F.3d at 607 n.11. Accordingly, he has not shown, under the applicable plain error standard, that the district court committed reversible procedural error by failing to provide an adequate explanation of its decision to order a term of supervised release.

Ramirez's assertion that the district court committed substantive error by failing to account for § 5D1.1(c) is insufficient to rebut the presumption of reasonableness applicable to Ramirez's within-guidelines term of supervised release. *See Cancino-Trinidad*, 710 F.3d at 607-08. Likewise, Ramirez's factual assertions regarding his criminal history and his personal circumstances are insufficient to rebut the presumption of reasonableness, and he has not shown substantive plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.