**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4213**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RAFAEL ACEVEDO RODRIGUEZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
Senior District Judge.  (5:12-cr-00277-H-1)

Submitted:  October 28, 2013        Decided:  November 6, 2013

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rafael Acevedo Rodriguez pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced Rodriguez within the Sentencing Guidelines to sixteen months' imprisonment to be followed by a three-year term of supervised release. On appeal, Rodriguez argues that his supervised release term is substantively unreasonable. We affirm.

A "term of supervised release . . . [is] part of the original sentence[,]" United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998), "and is reviewed for reasonableness." United States v. Preston, 706 F.3d 1106, 1121 (9th Cir. 2013); see Gall v. United States, 522 U.S. 38, 46, 51 (2007) (stating that appellate standard of review is for abuse of discretion). In reviewing a sentence for substantive reasonableness, this Court "examines the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, this Court applies a presumption of reasonableness on appeal that the sentence is substantively reasonable. Id. at 216-17; see United States v. Cancino-Trinidad, 710 F.3d 601, 607 (5th Cir. 2013) (applying presumption of reasonableness to within-Guidelines supervised release term). Such a presumption is

2

rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Rodriguez argues that his supervised release term, which is at the high end of the Guidelines range, is substantively unreasonable and he should have been sentenced to a supervised release term at the bottom of the Guidelines range. Rodriguez asserts that supervised release is "arduous," particularly for individuals like him with substance abuse problems, and if he violates the terms of supervised release and is returned to prison, his life will be jeopardized due to his health problems. We conclude that Rodriguez has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3