# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10764
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JIMENEZ CARDENAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-21-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Jimenez Cardenas appeals the sentence imposed following his guilty-plea conviction for illegal presence in the United States after removal. *See* 8 U.S.C. § 1326. For the first time on appeal, he challenges the district court's imposition of a two-year term of supervised release, asserting that the district court failed to make a particularized finding that supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10764

would provide an added measure of deterrence and protection in his case. *See* U.S. SENTENCING GUIDELINES MANUAL § 5D1.1(c).

As he concedes, Cardenas did not raise his arguments in the district court; thus, our review is for plain error only. *See United States v. Dominguez-Alvarado,* 695 F.3d 324, 327-28 (5th Cir. 2012). To demonstrate plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* An error affects the defendant's substantial rights if it "affected the outcome of the district court proceedings." *See id.* (internal quotation marks and citation omitted).

In the instant case, the district court specifically explained that a term of supervised release would "provide an added measure of deterrence and protection based on the facts and circumstances of this case" and concluded that the sentence imposed adequately addressed the sentencing factors of 18 U.S.C. § 3553(a). Therefore, we conclude that Cardenas has not shown that the district court committed clear or obvious error, if any. *See Dominguez-Alvarado,* 695 F.3d at 330. Even if the district court did err, in light of his repeated illegal reentries and criminal record, Cardenas cannot show that his substantial rights were affected. *See United States v. Cancino-Trinidad,* 710 F.3d 601, 607 (5th Cir. 2013). In addition, nothing in the record suggests that the district court would not have imposed a period of supervised release if it had given a more thorough explanation of its reasons. *See Puckett,* 556 U.S. at 135.

As Cardenas has failed to show reversible plain error, the district court's judgment is AFFIRMED. *See Puckett,* 556 U.S. at 135.