# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-20577
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAYNOR MIGUEL ORO ORELLANA, also known as Byron Ramos, also known as Maynor Orellana Oro, also known as Maynor M. Oro, Maynor M. Orellano,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-289-1

————

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Maynor Miguel Oro Orellana pleaded guilty without benefit of a written plea agreement of illegal reentry following deportation, and he was sentenced within the guidelines range to a 50-month term of imprisonment and to a three-year period of supervised release. Citing U.S.S.G. § 5D1.1(c), Orellana contends that the district court erred in failing to explain adequately its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for imposing a period of supervised release.  As Orellana properly concedes, our review of this issue is for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

The district court should explain the sentence imposed "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).  Little explanation is required where, as here, the sentence imposed is within the guidelines range.  *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013).

In this case, the district court stated that it had imposed a three-year period of supervision "to deter the defendant from reentering the United States illegally as a measure of additional deterrence and protection."  The district court's explanation for imposing a period of supervised release was adequate under this court's decision in *Dominguez-Alvarado*.  *See* 695 F.3d at 330.  There was no error, plain or otherwise.  *See id.*  The judgment is

AFFIRMED.