# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE LUIS GONZALEZ-MARES, also known as Jose Mares,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-73-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Luis Gonzalez-Mares was sentenced to thirty months of imprisonment and a three-year term of supervised release after pleading guilty to illegal reentry after deportation. He appeals his sentence, contending that the district court erred in imposing a term of supervised release because he is a deportable alien and because the record does not support a finding that he required additional deterrence to reentry. He also challenges his sentence as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violating the Due Process Clause; however, he correctly concedes that his argument is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Under U.S.S.G. § 5D1.1, a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c) (2015). Because Gonzalez-Mares did not object to the court's imposition of a term of supervised release, review is for plain error only. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Here, although the district court did not refer to § 5D1.1(c) at sentencing, it implicitly considered the Guideline when it considered the presentence report (PSR), which advised the court of § 5D1.1(c) and specified that Gonzalez-Mares is a deportable alien. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). The district court's written findings emphasize this point, explaining that the court imposed a term of supervised release "because it will provide an added measure of deterrence and protection based on the facts and circumstances of this case."

We conclude that the imposition of the term of supervised release in this case does not rise to the level of plain error. *See Dominguez-Alvarado*, 695 F.3d at 329-30. In addition, to the extent Gonzalez-Mares contends that the record does not support a finding that he required additional deterrence, his argument is unavailing. Indeed, the PSR noted that an upward departure or variance may be appropriate, given Gonzalez-Mares's possible involvement in drug-trafficking activity and fraudulent possession of identification devices.

Gonzalez-Mares has shown no reversible error in the imposition of his sentence. The judgment of the district court is AFFIRMED.