# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10889
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff-Appellee

v.

FRANCISCO CASTILLO-CELAYA,

                        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-57-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Francisco Castillo-Celaya pleaded guilty to illegal reentry and was sentenced to 45 months of imprisonment and three years of supervised release. On appeal, Castillo-Celaya challenges the procedural and substantive reasonableness of his three-year term of supervised release. He contends that the district court's imposition of supervised release was procedurally unreasonable because the court "did not make any particularized

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings" that supervised release was warranted.  He further maintains that his supervised release was substantively unreasonable because it was not supported by "the particular facts of the case."  Castillo-Celaya also argues that his sentence violates due process because it exceeds the statutory maximum penalty for a conviction under 8 U.S.C. § 1326(a); however, he correctly concedes that this argument is foreclosed.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

Because Castillo-Celaya failed to raise the foregoing issues in the district court, our review is for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).  To establish plain error, Castillo-Celaya must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Section 5D1.1(c) of the Sentencing Guidelines provides that the district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. § 5D1.1(c).  The commentary to § 5D1.1(c) explains, however, that the district court "should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1, comment. (n.5); *see Dominguez-Alvarado*, 695 F.3d at 329.

The district court determined that a term of supervised release was necessary to deter Castillo-Celaya from illegally reentering, explaining that Castillo-Celaya "ha[d] shown that he is likely to return to the United States"

No. 15-10889

and that the term of supervised release would "offer additional sanctions should he return to the United States illegally within the three-year period." This was a sufficiently particularized explanation to justify the district court's imposition of a within-guidelines term of supervised release. *See United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013). Thus, the district court committed no procedural error, plain or otherwise. *See Puckett*, 556 U.S. at 135; *Gall v. United States*, 552 U.S. 38, 51 (2007).

Because the district court imposed a within-guidelines term of supervised release, it is presumptively reasonable, *see United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013), and we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines," *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record reflects that the district court implicitly considered § 5D1.1(c)'s recommendation that supervised release ordinarily should not be imposed on a deportable alien who will likely be deported after he is released from prison, as well as Castillo-Celaya's criminal history and personal characteristics. Castillo-Celaya has not offered any persuasive argument to rebut the presumption of reasonableness, much less demonstrated plain error. *See Puckett*, 556 U.S. at 135; *Cancino-Trinidad*, 710 F.3d at 607-08.

The judgment of the district court is AFFIRMED.