# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO VELARDE-AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-321-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Velarde-Aguilar pleaded guilty to illegal reentry after removal and was sentenced within the advisory guidelines range to 17 months of imprisonment and three years of supervised release. Velarde-Aguilar, a deportable alien, argues that the district court erred by sentencing him to supervised release without providing a particularized explanation, in light of U.S.S.G. § 5D1.1(c). Because Velarde-Aguilar did not object in the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court to the imposition of supervised release or the lack of an explanation therefor, his argument is subject to plain-error review. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (stating that reversible plain error requires a showing that a clear or obvious forfeited error affected the defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

Section 5D1.1(c) provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c).  However, the commentary to § 5D1.1(c) instructs that the court "should" consider imposing a term of supervised release if it determines that the additional penalty would provide an added measure of deterrence and protection in light of the particular facts and circumstances of the case. § 5D1.1, comment. (n.5).  The district court must make a "determination" or a "particularized explanation" justifying the imposition of supervised release on a deportable alien. *Dominguez-Alvarado*, 695 F.3d at 329-30.

In this case, given the parties' arguments at sentencing regarding Velarde-Aguilar's criminal history and recidivism, the district court's explicit consideration of the 18 U.S.C. § 3553(a) sentencing factors, and its implicit consideration of § 5D1.1(c), it is arguable that the district court effectively determined that a supervised release term was necessary to provide an added measure of deterrence and protection. *See Dominguez-Alvarado*, 695 F.3d at 327, 329-30.  In any event, even if the court's explanation was clearly erroneous, Velarde-Aguilar's criminal history supports a finding that supervised release was warranted in this case and, thus, his substantial rights

were not affected. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013). Finally, Velarde-Aguilar fails to argue, and has therefore abandoned any argument, that the purported error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.