# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2022

Lyle W. Cayce
Clerk

No. 21-50279
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Salvador Varela-Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-449-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Salvador Varela-Gonzalez pleaded guilty to possession of false immigration documents and illegal reentry. He was sentenced to concurrent terms of 57 months of imprisonment and three years of supervised release. For the first time on appeal, he argues the district court erred in failing to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

explain its reasons for imposing supervised release in light of U.S.S.G. § 5D1.1(c), which provides that supervised release should "ordinarily" not be imposed where, as here, it is not required by statute and the defendant is a deportable alien who is likely to be deported.

Our review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Even if Varela-Gonzalez were able to show the district court clearly or obviously erred in failing to explain its reasons for imposing supervised release, he fails to show any effect on his substantial rights, as his criminal history, particularly his repeated illegal reentry offenses, supports the imposition of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013). By raising the mere "possibility of a different result, but not the requisite probability," Varela-Gonzalez has not demonstrated that any error affected his substantial rights. *Id.* at 607 (internal quotation marks and citation omitted). Accordingly, he has not shown plain error, and the district court's judgment is AFFIRMED.