# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2022

Lyle W. Cayce
Clerk

No. 21-50343
Summary Calendar

───────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ANTONIO RODRIGUEZ-BANDA,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1502-1

───────────

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Juan Antonio Rodriguez-Banda pleaded guilty to illegal reentry into the United States after a previous deportation. He was sentenced within the advisory guidelines range to 63 months of imprisonment and three years of supervised release. For the first time on appeal, he argues that the district

───────────

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50343

court erred in failing to explain its reasons for imposing supervised release in light of U.S.S.G. § 5D1.1(c), which provides that supervised release should "ordinarily" not be imposed where, as here, it is not required by statute and the defendant is a deportable alien who is likely to be deported.

Our review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). Even if Rodriguez-Banda were able to show the district court clearly or obviously erred in failing to explain its reasons for imposing supervised release, he fails to show any effect on his substantial rights, as his criminal history, particularly his repeated illegal reentry offenses, supports the imposition of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013). Accordingly, he has not shown plain error, and the district court's judgment is AFFIRMED.