# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2025

Lyle W. Cayce
Clerk

No. 24-50929
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Otto Melvin Ramirez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1156-1

———————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Otto Melvin Ramirez challenges the sentence imposed for his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He contends, for the first time on appeal, that the district court erred: by imposing a term of supervised release on him, a deportable defendant, without providing an individualized justification, as required

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50929

under Sentencing Guideline § 5D1.1(c) (imposition of supervised release on deportable defendant); and imposing supervised release on him violates the principles of due process, the separation-of-powers doctrine, and the Eighth Amendment's prohibition on excessive punishment.

Ramirez did not preserve these issues in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Ramirez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Ramirez first contends the court erred by imposing supervised release without making an individualized finding supervised release was necessary. "When § 5D1.1(c) applies, [supervised release] should not be imposed absent a determination that [it] would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013) (citation omitted). The court emphasized Ramirez' criminal history, recidivism, and untruthful statements to the probation officer in concluding supervised release was warranted. Moreover, the court concluded supervised release would "deter future criminal conduct" and "protect the public". Ramirez fails to show the requisite clear-or-obvious error.

Ramirez' due process, separation of powers, and Eighth Amendment contentions likewise fail to show plain error. He offers no binding precedent addressing whether imposition of supervised release on a deportable illegal

2

No. 24-50929

alien violates these constitutional provisions. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024) ("[Although he] need not show that his specific challenge has been addressed in a prior decision, he must at least show error in the straightforward applications of existing cases." (citation omitted)).

AFFIRMED.