# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-50100
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dennis Lenin Carranza-Clavel,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1952-1

———————————————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Dennis Lenin Carranza-Clavel pleaded guilty to illegal reentry of the United States, in violation of 8 U.S.C. § 1326. He challenges his within-Guidelines three-year term of supervised release. He asserts for the first time on appeal that, his being a deportable defendant, the district court erred by imposing supervised release on him without providing an individualized

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

justification, as required by Sentencing Guidelines § 5D1.1(c); and such imposition violates the principles of due process, the separation of powers doctrine, and the Eighth Amendment's prohibition on excessive punishment.

Because Carranza did not preserve these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Carranza must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). Both of his assertions fail under this demanding standard of review. He fails to satisfy plain-error review.

Concerning imposing supervised release on Carranza—again, a deportable defendant—without providing an individualized justification, the above-cited Guideline § 5D1.1(c) provides: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment". Along that line, "supervised release should not be imposed [on a deportable defendant] absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case". *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). The court considered Carranza's criminal history and likelihood of recidivism, showing the court likely imposed the supervised release term as "an added measure of deterrence". *Id.*; *E.g.*, *United States v. Cancino-Trinidad*, 710 F.3d 601, 606–07 (5th Cir. 2013) (holding deportable defendant's "criminal record

support[ed] a finding that the imposition of [supervised release] would provide an added measure of deterrence . . ." (citation omitted)). Accordingly, even assuming a clear or obvious error, he fails to show the imposition of supervised release without an individualized justification affects his substantial rights. *See id.* at 606 ("A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." (citation omitted)); *Dominguez-Alvarado*, 695 F.3d at 327–28.

As for the claim that supervised release on deportable defendants violating due process principles, the separation of powers doctrine, and the Eighth Amendment, Carranza does not "show error in the straightforward applications of existing cases"; he therefore fails to show the requisite clear-or-obvious error. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024) (citation omitted).

AFFIRMED.