# United States Court of Appeals for the Fifth Circuit

No. 25-50475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO GODINEZ-GOMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-2729-1

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Roberto Godinez-Gomez appeals the sentence imposed following his conviction for illegal reentry into the United States. Our review is for plain error only, as he did not preserve the issues he now raises on appeal. *See United States v. Aderinoye*, 33 F.4th 751, 754 (5th Cir. 2022); *Puckett v. United*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50475

*States*, 556 U.S. 129, 135 (2009). Ultimately, his arguments fail on plain error review. *See Puckett*, 556 U.S. at 135.

First, Godinez-Gomez fails to show that the district court clearly or obviously erred by imposing a three-month upward variance without adequately explaining its reasons for the variance because he fails to "show error in the straightforward application" of existing caselaw. *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (internal quotation marks and citation omitted). Second, he fails to show that any error in the district court's decision to impose supervised release on a deportable alien affected his substantial rights. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013). Finally, he fails to show plain error as to his constitutional claims related to the imposition of supervised release on a deportable alien because an "an error is not plain if it requires the extension of precedent." *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012).

AFFIRMED.