# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SURIEL MALDONADO-AMADOR,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CR-7-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Suriel Maldonado-Amador challenges the one-year-of-supervised-release portion of his sentence, imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Maldonado contends the district court erred by failing to explain adequately its reasons for imposing supervised release in the light of Sentencing Guideline § 5D1.1(c) (explaining, for deportable alien, court "ordinarily should not impose a term of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

supervised release"). He maintains the court's stated reason, to ensure he remains outside of the United States after deportation, was insufficient because it was not based on the facts and circumstances of his case.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Maldonado concedes review is for plain error because he did not preserve this issue by raising it in district court. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). Under the plain-error standard, Maldonado must show a clear or obvious forfeited error that affected his substantial rights. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he shows such reversible plain error, we have the discretion whether to correct the error, and should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

The district court should explain the sentence imposed "'to allow for meaningful appellate review and to promote the perception of fair sentencing'". *United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013) (quoting *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009)). Little explanation is required where, as here, "the judge exercises her discretion to impose a sentence within the Guideline range and states for the record that she is doing so". *Id.* (citation and internal quotation marks omitted). When Guideline § 5D1.1(c) applies, a term of supervised release

"should not be imposed absent a determination that [the supervised release] would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case". *Id.* (citation and internal quotation marks omitted).

Contrary to Maldonado's claim, at sentencing, the court referenced twice Maldonado's more than 25 prior illegal entries into the United States. The court explained the entire sentence was necessary to meet its "objectives of punishment and deterrence"; moreover, supervised release was necessary to ensure Maldonado remained outside of the United States. Given the court's particularized statements at sentencing, the imposition of the one-year term of supervised release does not constitute clear or obvious error. *E.g.*, *Dominguez-Alvarado*, 695 F.3d at 330.

AFFIRMED.