# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

No. 15-50095
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER RENE RUBIO-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-317-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For the first time on appeal, Javier Rene Rubio-Hernandez challenges the substantive reasonableness of the sentence imposed following his guilty plea conviction for illegally reentering the United States. In particular, he contends that an objection was not required to preserve his challenge to the reasonableness of his sentence; his within-guidelines, 24-month prison sentence should not be afforded an appellate presumption of reasonableness

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the illegal reentry guideline, U.S.S.G. § 2L1.2, lacks an empirical basis; § 2L1.2 double counted his prior burglary conviction by using it to calculate both his offense level and his criminal history; his sentence fails to reflect that his illegal reentry offense is merely an international trespass offense; and his sentence fails to account for his personal circumstances, including his strong ties to the United States, his lack of family in Mexico, and his benign motive for illegally reentering (to be with his family).  Additionally, Rubio-Hernandez contends that the district court should not have ordered a three-year term of supervised release because the Sentencing Guidelines do not recommend such a term where the defendant is a deportable alien who likely will be deported after imprisonment.

As Rubio-Hernandez concedes, we require an objection to preserve an appellate challenge to the substantive reasonableness of a sentence.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Accordingly, plain error review applies because Rubio-Hernandez did not raise his instant arguments in the district court.  *Id.*

Rubio-Hernandez's argument that the appellate presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis is foreclosed by our precedent.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  Likewise, we have rejected arguments that the double-counting of a defendant's prior convictions necessarily renders a sentence unreasonable, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and arguments that the Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Rubio-Hernandez's claim that his sentence failed to account for his personal circumstances is also unavailing.  In essence, this argument amounts to a mere

No. 15-50095

dissatisfaction with the district court's weighing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, Rubio-Hernandez has shown no plain error in the district court's imposition of a 24-month prison term. *See Peltier*, 505 F.3d at 391-92.

With regard to the district court's imposition of a supervised release term, Rubio-Hernandez's argument is likewise unavailing. The court imposed a term of supervised release that was within the range recommended by the Sentencing Guidelines. Rubio-Hernandez has offered no compelling argument to rebut the appellate presumption of reasonableness. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607-08 (5th Cir. 2013). We perceive no error, plain or otherwise, in the district court's imposition of a supervised release term. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.