# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50565
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO JESUS NERY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1541-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Jesus Nery pleaded guilty to illegal reentry following deportation. The district court sentenced Nery above the guidelines range to 21 months of imprisonment and three years of supervised release. In his sole issue on appeal, Nery challenges his above-guideline sentence as substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50565

This court reviews sentences, whether inside or outside the Guidelines, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing a non-guidelines sentence for substantive reasonableness, this court "consider[s] the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). "In making this determination, [this court] must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Gerezano-Rosales*, 692 F.3d 393, 401 (5th Cir. 2012) (internal quotation marks and citation omitted). A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (internal quotation and citations omitted).

Nery's challenge to his sentence is unavailing. The record reflects that the district court gave Nery's counsel, and Nery himself, an opportunity to speak before the sentence was imposed. The district court noted that Nery had several convictions that did not receive criminal history points. Although the district court admitted that the convictions were "somewhat old," it nevertheless felt that Nery's criminal history was underrepresented. Based on this information, the district court made an individualized assessment that a sentence within Nery's 8-to-14 month guidelines range would not adequately address the § 3553(a) factors. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) ("[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." (internal

quotation marks and citation omitted)).  Nery has not shown that the district court committed clear error in balancing the sentencing factors.  *See Chandler*, 732 F.3d at 437.

As to Nery's other arguments, this court has rejected substantive reasonableness challenges, like those raised in this appeal, based on the alleged lack of seriousness of illegal reentry.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *see also United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).   Finally, the sentence is not unreasonable in light of Nery's three-year term of supervised release.  The record reflects that the district court effectively found that a term of supervised release was necessary to provide an added measure of deterrence and protection in light of the specific facts and circumstances of this case, including, inter alia, Nery's prior removal and criminal record.  *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013).

AFFIRMED.