# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10378
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER GARCIA-AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CR-81-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Javier Garcia-Aguirre appeals the 36-month, above-guidelines sentence imposed following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He argues that his sentence is both procedurally and substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10378

Specifically, and for the first time, Garcia-Aguirre contends that the district court committed procedural error by failing to explain adequately its sentence. This court's review of the newly raised argument is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Garcia-Aguirre must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In imposing sentence, the district court specifically stated that it had considered the 18 U.S.C. § 3553(a) factors and that an upward variance was warranted based on the need for adequate punishment and deterrence and considering Garcia's personal history and characteristics, including his criminal history, the majority of which was unscored and which involved repetitive offenses. This explanation was sufficient, and, thus, there is no clear or obvious error. *See Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). Moreover, even assuming arguendo that the district court committed a clear or obvious error in failing to adequately explain the chosen sentence, Garcia-Aguirre has not shown that his substantial rights were affected as nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence. *See Puckett*, 556 U.S. at 135; *see also United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

Next, Garcia-Aguirre contends that his sentence is substantively unreasonable, asserting that the district court did not justify its "extreme" upward variance, which was 225% higher than the highest available guidelines sentence, and particularly denying that his criminal history warranted such

2

No. 16-10378

an increase.  The record supports that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in deciding that an upward variance was warranted, particularly finding that a non-guidelines sentence addressed the sentencing objectives of punishment and deterrence and that Garcia-Aguirre's criminal history, which included five convictions that did not receive criminal history points, as well as three DWI convictions, justified the sentence.  The district court's reasons for imposing an upward variance were fact-specific and consistent with the § 3553(a) factors, and its variance was not an abuse of discretion.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *see also United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Garcia-Aguirre does not argue, and nothing in the record suggests, that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in balancing the sentencing factors.  *See Smith,* 440 F.3d at 708.  To the extent that he seeks to have this court reweigh those factors, this court will not do so.  *See Gall*, 552 U.S. at 51.

Finally, Garcia-Aguirre argues that the district court erred in imposing a three-year term of supervised release, in contravention of U.S.S.G. § 5D1.1(c).  Because he did not object to the court's imposition of a term of supervised release, review is limited to plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

Under § 5D1.1, a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  § 5D1.1(c).  Here, although the district court did not refer to § 5D1.1(c) at sentencing, it implicitly considered the Guideline when it

No. 16-10378

considered the presentence report (PSR), which advised the court of § 5D1.1(c) and specified that Garcia-Aguirre is a deportable alien. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). The PSR additionally advised that he had been deported twice previously and that he had two children living in the United States. The court determined that supervised release was warranted as an added measure of deterrence, and Garcia-Aguirre has not shown this conclusion to be clear or obvious error. *See Dominguez-Alvarado*, 695 F.3d at 328.

AFFIRMED.