# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MIGUEL FIGUEROA-DOMINGUEZ, also known as Luis Miguel Figueroa, also known as Luis Figueroa-Dominguez, also known as Luis Miguel Figeroa Dominguez, also known as Luis M. Figueroa, also known as Luis Miguel Figeroa-Dominguez, also known as Miguel Fijueroa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-570-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Miguel Figueroa-Dominguez appeals the within-guideline sentence imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1).  He argues, for the first time on appeal, that the district court committed a procedural error when it imposed a three-year term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release without making either an explicit or implicit finding that supervised release was necessary for added protection of the public and deterrence. Because Figueroa-Dominguez raised no objection to the district court's imposition of supervised release, this court's review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To establish plain error, Figueroa-Dominguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's [error] he would have received a lesser sentence." *United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). The appellant bears the burden of making this showing. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

As noted in the presentence report (PSR) that was adopted by the district court, U.S.S.G. § 5D1.1(c) provides that a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." The commentary explains, however, that the court "should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." § 5D1.1, cmt. n.5.

In cases involving deportable aliens, "supervised release should not be imposed absent a determination that [it] would provide an added measure of deterrence and protection based on the facts and circumstances of a particular

case." *Dominguez-Alvarado*, 695 F.3d at 329. "As in other sentencing contexts where a guidelines sentence is given, the requirement is not onerous." *United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013). In *Becerril-Pena*, 714 F.3d at 349, 351, we concluded, on de novo review, that "the district court supplied a sufficiently 'particularized explanation' of its decision to impose supervised release" when it found the "sentence appropriate under the factors listed in 18 U.S.C. § 3553(a) and those applicable to sentencing generally."

Figueroa-Dominguez cites to no authority supporting his assertion that we may not consider, as a whole, the district court's remarks at the sentencing hearing. Nor does he cite any authority indicating that the court's explanation of its sentence was clearly or obviously insufficient to support the imposition of supervised release. Moreover, Figueroa-Dominguez has not met his burden of showing that the error, if any, affected his substantial rights. *See Cancino-Trinidad*, 710 F.3d at 606. The district court observed that Figueroa-Dominguez's multiple deportations had not deterred his continued illegal reentry and additional illegal conduct. It also expressed consideration of the need to protect the public. Figueroa-Dominguez's speculation that it is "likely" that the court would not have imposed supervised release is thus not supported by the record. In sum, because Figueroa-Dominguez has not demonstrated that the district court committed a clear or obvious procedural error, the judgment of the district court is AFFIRMED.