# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 20-50956
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR PEREZ-HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1634-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.
PER CURIAM:*

Victor Perez-Hernandez pleaded guilty to one count of illegal reentry after removal from the United States under 8 U.S.C. § 1326(a) & (b)(2) and was sentenced to 18 months of imprisonment, as well as one year of supervised release. He appeals the term of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50956

Perez-Hernandez contends that the district court committed procedural error by not explaining why it imposed the term of supervised release. He further asserts that the supervised release term is substantively unreasonable because the district court did not account for the Sentencing Commission's recommendation in U.S.S.G. § 5D1.1(c) that ordinarily no term of supervised release should be imposed on deportable aliens. While we agree that the district court committed procedural error, we AFFIRM the decision of the district court as the error did not affect Perez-Hernandez's substantial rights.

Because Perez-Hernandez did not object to the imposition of supervised release, review is limited to plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). To show plain error, Perez-Hernandez must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993).

Under U.S.S.G. § 5D1.1, a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c). Section 5D1.1(c) is advisory, and a district court discharges its duties under § 5D1.1(c) by considering the applicable 18 U.S.C. § 3553(a) factors of deterrence and protection and by imposing a reasoned and individualized sentence under the circumstances. *United States v. Becerril-Pena*, 714 F.3d 347, 350-51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329.

2

No. 20-50956

Even assuming, without deciding, that the district court erred procedurally by not explaining at sentencing the reasons it imposed a term of supervised release, to establish that an error affected a defendant's substantial rights, the defendant must demonstrate a reasonable probability that, but for the district court's error, he would have received a lesser sentence. *United States v. Cancino-Trinidad*, 710 F.3d 601, 606 (5th Cir. 2013). Perez-Hernandez has failed to make such a showing.

Additionally, Perez-Hernandez has failed to show how the term of supervised release is substantively unreasonable. The one-year term of supervised release is within the one- to three-year guidelines range, and this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. *Id.* at 607.

Perez-Hernandez has therefore failed to meet his burden, and we AFFIRM the decision of the district court.