# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2022

Lyle W. Cayce
Clerk

No. 21-50502

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfonso Dominguez-Mendoza,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-574-1

Before Southwick, Haynes, and Higginson, *Circuit Judges*.
Per Curiam:[*]

Alfonso Dominguez-Mendoza pled guilty to illegal reentry following deportation. During a sentencing hearing with 30 other defendants, the district court sentenced him to a term of imprisonment within the Guidelines range and also to a three-year period of supervised release. On appeal, Dominguez-Mendoza asserts that the district court erred by imposing a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

period of supervised release and by doing so without explanation. We AFFIRM.

Dominguez-Mendoza did not object to the district court's imposition of supervised release during sentencing. Therefore, we review his argument for plain error. *United States v. Cancino-Trinidad*, 710 F.3d 601, 605 (5th Cir. 2013). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the error affected the defendant's substantial rights; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). We will correct plain error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Section 5D1.1 of the Sentencing Guidelines instructs courts to order a term of supervised release when required by statute or if a defendant is sentenced to more than a year in prison. This Section also states that a court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).

The word "ordinarily" in Section 5D1.1(c) is "hortatory, not mandatory," and the district court has authority to impose supervised release if that court "determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Dominguez-Alvarado*, 695 F.3d at 329. If the district court decides to require supervision after release, it is obligated to provide some "particularized explanation" to address why it is doing so. *Id.* at 330. A district court can satisfy the obligation to explain the imposition "with a single sentence finding supervised release appropriate" based on the sentencing factors listed in 18

U.S.C. Section 3553(a), deterrence, and the defendant's particular background and characteristics. *United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013).

Dominguez-Mendoza challenges the district court's sentence in two ways. First, he argues the district court committed procedural error by failing to provide a particularized explanation for imposing supervised release. Second, he argues the district court erred because it failed to consider Section 5D1.1(c) as required by the Sentencing Guidelines, making the imposition of supervised release substantively unreasonable. To succeed on either basis, Dominguez-Mendoza must show that these alleged errors affected his substantial rights. *Cancino-Trinidad*, 710 F.3d at 606.

One form of procedural error is when a defendant is sentenced under an improper Guidelines range. *See, e.g.*, *Molina-Martinez v. United States*, 578 U.S. 189, 195–96, 200 (2016). In that situation, "the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 198. The claim here is different, namely, that the district court did not adequately explain why supervised release was imposed. We see no basis to assume prejudice in this circumstance and look for more.

In *Cancino-Trinidad*, this court considered whether the imposition of a term of supervised release was plainly erroneous where the district court may not have been aware that supervised release was discretionary. *Cancino-Trinidad*, 710 F.3d at 604. The presentence report used at sentencing erroneously stated that supervised released was mandatory. *Id.* at 606. We concluded that the district court plainly erred by relying on an outdated version of the Guidelines but no prejudice had occurred because the district court had explained why it was important that this defendant be supervised after release. *Id.* 606-07. Thus, even had the district court known it had

discretion, it was clear that the court would still have required supervision after release.

Somewhat similarly, the argument here is that the Guidelines recommend not imposing supervised release for defendants who will be deported after serving their sentences. § 5D1.1(c). The failure of the district court to give any reason for requiring supervision for this defendant, or for any of the 30 it sentenced at the same time, all of whom were likely to be deported after serving their sentences, was procedural error because it prevents "meaningful appellate review" and undermines the "perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). We mention the claim that there were 30 similarly situated defendants just to show that this district judge, at least that day, made a three-year period of supervised release a component of all but two sentences for the defendants subject to removal.

Before we would vacate a sentence, whether as to supervised release or some other aspect, a defendant must "show a reasonable probability" that the district court would not have imposed the same sentence without the alleged errors. *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). We will assume without deciding that the district court committed plain error by not giving more of an explanation. This appeal will turn on whether there is enough here to show that there is not a reasonable probability that the district court would have imposed supervised release if it had explained itself in more detail.

We look to the record to see if the particular facts and circumstances of the defendant's case warrant supervised release for additional deterrence and protection. *See Cancino-Trinidad*, 710 F.3d at 607. Here, the record shows supervised release was warranted. Dominguez-Mendoza has three prior aggravated driving-under-the-influence convictions, with probation on

his second conviction being revoked.  He also has children living in the United States who earlier partly motivated him to re-enter the United States, and they could motivate him to return again.  These facts and circumstances support a need for an added measure of deterrence and protection. *See, e.g.*, *Becerril-Pena*, 714 F.3d at 351 (noting Section 5D1.1's commentary "makes clear . . . supervised release remains especially appropriate for defendants with lengthy criminal histories").

Moreover, the district court ordered supervised release as part of adopting the probation officer's within-Guidelines recommended sentence. This raises a presumption that the district court's sentence was reasonable. *Cacino-Trinidad,* 710 F.3d at 607–08. The presumption was not rebutted.

Even if the district court committed error in failing to give a more detailed explanation for imposing supervised release, Dominguez-Mendoza has not shown that such an error affected his substantial rights.

AFFIRMED.