# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-50841
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pablo Carrasco-Cortez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-59-1

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Pablo Carrasco-Cortez pleaded guilty to illegal reentry following deportation. He was sentenced within the advisory guidelines range to 30 months of imprisonment, followed by three years of supervised release. For the first time on appeal, Carrasco-Cortez argues that the district court procedurally erred by failing to explain its reasons for imposing supervised

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50841

release in light of U.S.S.G. § 5D1.1(c), which provides that supervised release should "ordinarily" not be imposed where, as here, it is not required by statute and the defendant is a deportable alien who is likely to be deported.

Our review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) (citing *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009)). Carrasco-Cortez's criminal history, which includes several convictions for illegal reentry, supports the imposition of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013).[1] Additionally, because Carrasco-Cortez has failed to show "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence," any error did not affect his substantial rights. *Id.* at 606 (internal quotation marks and citation omitted). Accordingly, he has not shown plain error, and the district court's judgment is AFFIRMED.

---

[1] We have affirmed supervised release terms for defendants with comparable criminal histories. *See*, *e.g.*, *United States v. Castro-Delgado*, No. 21-50789, 2022 WL 3229981, *1 (5th Cir. Aug. 10, 2022) (per curiam) (unpublished) (noting that the defendant had two felony convictions for the transportation of illegal aliens and had previously been deported twice); *United States v. Rodriguez-Banda*, No. 21-50343, 2022 WL 2752178, *1 (5th Cir. July 13, 2022) (per curiam) (unpublished) (noting that the defendant's criminal history, "particularly his repeated illegal reentry offenses" supported a term of supervised release).